UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEQUAN WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01926-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING A CERTIFICATE OF APPEALABILITY**

Dequan Washington is serving a 144-month sentence. He pleaded guilty and, in exchange for concessions by the government, expressly agreed not to file a collateral attack under 28 U.S.C. § 2255 except to assert claims of ineffective assistance of counsel. For the reasons explained below, Mr. Washington's pending motion for relief pursuant to 28 U.S.C. § 2255 is barred by his collateral-attack waiver and must be **dismissed.** In addition, the Court finds that a certificate of appealability should not issue.

**I. BACKGROUND**

On September 21, 2016, a grand jury returned a five-count Superseding indictment, charging Mr. Washington with interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (counts 1 and 4) and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (counts 2, 3 and 5). *United States v. Washington,* 1:15-cr-215-TWP-DML-1 (hereinafter "Crim. Dkt.").

On November 10, 2016, the parties filed a petition to enter a plea of guilty and plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), wherein Mr. Washington

agreed to plead guilty as charged to counts 1 and 4 (interference with commerce by robbery) and count 5 (brandishing a firearm during a crime of violence), and the government agreed to dismiss counts 2 and 3. (Crim. Dkt. 41). Pursuant to the plea agreement, Mr. Washington waived his right to appeal his conviction and sentence. Crim. Dkt. 41 at ¶ 15. *Id.* at ¶ 16. The plea agreement further stated:

> Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. . . . As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

(Crim. Dkt. 41 at ¶ 16). At the change of plea hearing, the Court found that Mr. Washington was fully competent and capable of entering the plea of guilty, the plea was knowing and voluntary, supported by an independent basis in fact containing each of the essential elements of the offense, and the plea of guilty was accepted.

Mr. Washington's plea agreement was pursuant to Federal Rule of Criminal Procedure 11(c))(1)(C) and the terms of the plea agreement were that "defendant shall be sentenced to a term of one hundred and forty-four (144) months in the Bureau of Prisons, sixty (60) months on Counts One and Four and eighty-four (84) months on count five, consecutive to the sentence on Counts One and Four." (Crim. Dkt. 41 at ¶ 9). Mr. Washington was sentenced consistent with the binding plea agreement and Final Judgment was entered on the docket on March 14, 2017. Crim. Dkt. 54. No appeal was filed.

On July 22, 2020, Mr. Washington filed a motion to vacate, set aside, or correct sentence pursuant to § 2255. He raises two grounds for relief which the Court understands to be based on Supreme Court decisions issued after his conviction was finalized. Dkt. 2. First, Mr. Washington asserts that he is entitled to relief pursuant to *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019)

which held that § 924(c)(3)(B) is unconstitutionally vague. Second, he claims he is entitled to relief pursuant to *Rehaif v. United Sates*, 139 S. Ct. 2191 (2019), which held that: "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

In response, the United States argues that Mr. Washington's claims are barred by the collateral-attack waiver in his plea agreement and the statute of limitations, and otherwise without merit.

## II. COLLATERAL-ATTACK WAIVER

The United States' request that this Court enforce Mr. Washington's broad collateral-attack waiver, which forecloses his ability to bring this § 2255 petition challenging his plea or his sentence is **granted**. Mr. Washington's § 2255 motion does not hint at a claim of ineffective assistance of counsel, but instead relies on Supreme Court cases that he believes entitle him to relief. The record reflects that Mr. Washington knowingly and voluntarily entered into the plea agreement that traded his opportunity to challenge his conviction and sentence for significant concessions from the government. Those concessions included the dismissal of two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and a binding plea agreement which recommended a sentence near the low end of the sentencing guidelines. Mr. Washington cannot reverse that agreement now. A primary purpose of express collateral-attack waivers like Mr. Washington's is "to account in advance for unpredicted future developments in the law." *Oliver v. United States*, 951 F.3d 841, 847 (7th Cir. 2020) (concluding claim of statutory innocence did not allow defendant to escape plea waiver). Accordingly, Mr. Washington's § 2255 is barred by the collateral-attack waiver in the plea agreement.

This action is **dismissed.** Judgment shall now issue and a copy of this Entry **shall be filed** in Mr. Washington's criminal case, No. 1:15-cr-215-TWP-DML. The motion to vacate, Crim. Dkt. [64], shall also be **terminated** in the underlying criminal action.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Washington has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/27/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEQUAN WASHINGTON
13002-028
LEE - USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263


Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov